# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUAN CARMONA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | )  1:10-cv-426-LJM-MJD |
| | ) |
| UNITED STATES OF AMERICA. | ) |

### Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Juan Carmona for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

Carmona entered a plea of guilty to drug offenses in 1:08-cr-0157-LJM-KPF-1. As part of the guilty plea, which the court accepted on May 21, 2009, Carmona waived what would otherwise have been his rights to both file an appeal from the disposition in the case and to file a motion pursuant to 28 U.S.C. § 2255 seeking to modify his conviction or sentence or the manner in which it was determined. The court accepted the guilty plea after finding that it was validly entered. Carmona was sentenced to 70 months imprisonment. Nonetheless, Carmona attempts here to set aside his conviction based on his claim that he was denied effective assistance of counsel.

The government argues that Carmona's § 2255 motion is barred by the waiver of post-conviction relief rights found in his written plea agreement. The plea agreement provided, in relevant part of paragraph 7:

> . . . Carmona agrees that should he be sentenced to within the guideline range of 70-87 months or less, Carmona expressly waives his right to appeal the conviction and any sentence imposed. . . . Additionally, Carmona also expressly agrees not to contest or seek to modify his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255.

Carmona alleges that counsel was ineffective at sentencing by failing to argue that as a deportable alien, Carmona would face more restrictions in prison than a non-alien citizen. Carmona contends that he will serve extra time incarcerated after completing his term of imprisonment because of his status as a deportable alien, and that, therefore, the sentence of 70 months was unreasonable.

Carmona's challenge to counsel's performance at sentencing is barred. Here, Carmona does not dispute that the waiver provision in his case is valid and enforceable. He does argue, however, that he did not waive his ineffective assistance claims. He is mistaken. If a waiver is valid, claims of ineffective assistance of counsel are foreclosed, with the exception of those claims which relate directly to the negotiation of the waiver itself. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Carmona's claim relates to his attorney's performance during sentencing, and has nothing to do with the negotiation of the waiver. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (trial court's denial of § 2255 motion was affirmed where movant had entered into plea waiver and challenged only attorney performance at sentencing). Carmona has waived his right to bring his ineffective assistance claim under these circumstances.

Even if there were no waiver, Carmona has, at best, speculated that if counsel had argued that as a deportable alien Carmona would be subject to "more severe restrictions" in prison, the court would have sentenced him even below the lowest range specified in the plea agreement. Carmona's theory is not based on fact or law. In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland v. Washington,* 466 U.S. 668, 694 (1984)). Carmona's mere allegations do not pass muster. *See United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002)("conclusory allegations do not satisfy *Strickland's* prejudice component").

Carmona's effort to modify his sentence through his motion pursuant to § 2255 is barred. Accordingly, Carmona's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied**. Judgment consistent with this Entry shall now issue.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Carmona has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 01/21/2011

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana